UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT E. LIDDELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:05CV825 JCH |
| | ) |
| JAMES PURKETT, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Robert E. Liddell's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On March 26, 2002, a jury in the Circuit Court of Marion County, Missouri, convicted Petitioner of one count of assault in the first degree, one count of armed criminal action, one count of unlawful use of a weapon, and one count of robbery in the first degree. Petitioner was sentenced to twenty years imprisonment on Count I, ten years on Count II, five years on Count III, and twenty years on Count IV, with the sentences on Counts I and II to run consecutively, and all other sentences to run concurrently. Petitioner's convictions and sentence were affirmed on appeal. State v. Liddell, 104 S.W.3d 438 (Mo. App. 2003). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after an evidentiary hearing. (Resp. Exhs. 7, 8). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Liddell v. State, 159 S.W.3d 523 (Mo. App. 2005).

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following claims for relief:

(1) That the trial court erred in sustaining an objection during voir dire to defense counsel's question regarding whether the jurors believed Petitioner should have to testify;

(2) That the trial court erred in giving the jury Instruction 19, MAI-CR3d 312.10, the "hammer" instruction, when the jury had difficulty reaching verdicts on some counts;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to call Petitioner's aunt, Willie Ann Randolph, as an alibi witness;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to offer into evidence Petitioner's entire pre-trial written statement to the police; and

(5) That the post-conviction motion court erred in excluding the testimony of three jurors during the evidentiary hearing.

(§ 2254 Petition, PP. 5-12). In response, Respondent contends the instant petition should be dismissed, arguing that claim five is not cognizable in this proceeding, and that the remaining claims raised by Petitioner are without merit.

## **DISCUSSION**

**A.** **Exhaustion Analysis**

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed

exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**B.      Non-Cognizable Claim**

Federal habeas relief is available to a state prisoner only on the ground that he is in custody in violation of a constitutional or federal statutory right. Williams-Bey v. Trickey, 894 F.2d 314, 317 (8th Cir.), cert. denied, 495 U.S. 936 (1990); 28 U.S.C. § 2254(a). Claims that do not reach constitutional magnitude cannot be addressed in a petition for habeas corpus. Carter v. Armontrout, 929 F.2d 1294, 1296 (8th Cir. 1991).

In Ground 5 of his petition, Petitioner claims the post-conviction motion court erred in excluding the testimony of three jurors during the Rule 29.15 evidentiary hearing. (§ 2254 Petition, P. 12).[1] "Section 2254 only authorizes federal courts to review the constitutionality of a state criminal conviction, not infirmities in a state post-conviction relief proceeding." Williams-Bey, 894 F.2d at 317. See also Williams v. State of Missouri, 640 F.2d 140, 143-44 (8th Cir.), cert. denied,

---

[1] Petitioner sought to elicit testimony from the jurors regarding whether their verdict would have been different, had they heard alibi testimony that defense counsel chose not to present at trial. (§ 2254 Petition, P. 12).

451 U.S. 990 (1981). Petitioner's claim that the post-conviction motion court improperly excluded testimony is collateral to his conviction and detention, and therefore is not cognizable in a federal habeas petition. Williams-Bey, 894 F.2d at 317. Ground 5 is denied.

**C.** **Claims Addressed On The Merits**

    **1.** **Ground 1**

In Ground 1 of his petition, Petitioner claims the trial court erred in sustaining an objection during voir dire to defense counsel's question regarding whether the jurors believed Petitioner should have to testify. (§ 2254 Petition, PP. 5-6). Petitioner raised this claim on direct appeal of his conviction, and the Missouri Court of Appeals denied the claim as follows:

> During voir dire, defense counsel informed the jury that he anticipated that defendant[2] would not testify, and he asked, "[I]s there anyone here who believes he should have to testify? Please raise your hand." The state objected on the grounds that "it's not asking them if they can follow your instruction that they're not to hold it against him if he chooses not to testify. What he's done is opened up a debate about whether or not that's a good idea." Defense counsel responded, "I think I have a right to inquire what their feelings are about that." The trial judge sustained the state's objection:
>
>> "I'm not really interested in feelings. I'm interested in can they follow the law as the Court gives it to them. So I'm going to sustain his objection. You need to rephrase your question to say, 'It's the defendant's right not to testify and the Court will instruct you that you can't hold that against him. Is there anybody who wouldn't be able to follow that instruction?' Or words to that effect."...
>
> For his first point defendant asserts that the trial court erred in sustaining the state's objection to defense counsel's voir dire question if anyone believed that a defendant should have to testify. Defendant contends that limiting his voir dire questioning to "follow the law" questions prevented him from ascertaining juror bias or prejudice.
>
> The nature and extent of the questions counsel may ask on voir dire are within the trial court's discretion. State v. Kreutzer, 928 S.W.2d 854, 861 (Mo. banc 1996). The party who asserts abuse of discretion has the burden of showing a real probability

---

[2] In its opinion, the Missouri Court of Appeals refers to Petitioner here as "defendant."

- 4 -

that he was prejudiced by the abuse. Id. This is because the trial judge is in the best position to determine whether the disclosure of facts sought on voir dire sufficiently assures a defendant of an impartial jury without constituting a prejudicial presentation of evidence. State v. Oates, 12 S.W.3d 307, 310-11 (Mo. Banc 2000). A criminal defendant has a right to ask the venire whether they will draw an adverse inference if the defendant fails to testify. State v. Clement, 2 S.W.3d 156, 159-60 (Mo.App. 1999). Defendant was not deprived of an opportunity to ask that question. Questions that ask the venire if they believe a defendant should testify touch upon a prospective juror's expectations or feelings and thus are irrelevant and properly excluded. Kreutzer, 928 S.W.2d at 876. The trial judge invited defense counsel to rephrase his question to ask the venire if anyone could not follow the court's instruction on defendant's constitutional right not to testify. The trial court did not abuse its discretion. Point one is denied.

(Resp. Exh. 6, PP. 2, 3-4).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Upon review, this Court finds the Missouri court's affirmance of Petitioner's convictions did not result in a decision contrary to federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See Mu'Min v. Virginia, 500 U.S. 415, 427 (1991). The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 1 of Petitioner's petition must be denied.

**2. Ground 2**

In Ground 2 of his petition, Petitioner claims the trial court erred in giving the jury Instruction 19, MAI-CR3d 312.10, the "hammer" instruction, when the jury had difficulty reaching verdicts on some counts. (§ 2254 Petition, PP. 6-8). Petitioner raised this claim on direct appeal of his conviction, and the Missouri Court of Appeals denied the claim as follows:

> The case was given to the jury at 5:16 p.m. on March 26, 2002, and the jury retired to deliberate. At 7:25 p.m., the jury informed the court that they had a verdict on Count III, but had been deadlocked seven to five (without disclosing if it favored acquittal or conviction) on the other counts for about two hours. The court asked counsel whether they thought he should give the "hammer" instruction at that time. The state indicated that the jury should be allowed to continue to deliberate, however, defense counsel said he thought it was time for the hammer. The court sent a note asking the jury to continue to deliberate. At 8:55 p.m., the jury sent the court a note saying, "[w]e are still the same as we were." At this time, the state requested the hammer, and defense counsel objected on the grounds it was too late. The court gave the jury a few more minutes to deliberate and then brought the jury into the courtroom. The court advised the jury that it was "going to read one further instruction to you and send you back in. And then I'll check with you to see if you're making any progress on the thing." The court then read MAI-CR 3d 312.10, the "hammer" instruction, to the jury. The jury resumed its deliberations at 9:01 p.m. and at 9:17 p.m. returned guilty verdicts on all counts....
>
> In his second point defendant contends that the trial court erred in giving MAI-CR 3d 312.10, the "hammer" instruction, because it coerced the jury to vote for guilt in that the jury was split seven to five for over three hours before receiving the instruction, but returned a guilty verdict only sixteen minutes after receiving the instruction.
>
> MAI-CR 3d 312.10, the "hammer" instruction, provides:
>
> You should make every reasonable effort to reach a verdict, as it is desirable that there be a verdict in every case. Each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in the spirit of tolerance and understanding endeavor to bring the deliberations of the whole jury to an agreement upon a verdict. Do not be afraid to change your opinion if the discussion persuades you that you should. But a juror should not agree to a verdict that violates the instructions of the Court, nor should a juror agree to a verdict of guilty unless he is convinced of the defendant's guilt beyond a reasonable doubt.
>
> The length of time a jury is allowed to deliberate before the trial court gives the "hammer" instruction is within the trial court's discretion. State v. Anderson, 698 S.W.2d 849, 853 (Mo. Banc 1985); State v. Hoopingarner, 845 S.W.2d 89, 95 (Mo.

App. 1993). We will not interfere with the trial court's exercise of discretion absent a clear abuse of that discretion and resulting prejudice to the defendant. State v. Pride, 889 S.W.2d 163, 166 (Mo. App. 1994). The "Notes on Use" to MAI-CR 3d 312.10 provide that the instruction be given "when the Court deems it appropriate and when the length of deliberation or communication from the jury causes the Court to believe that the jury may be deadlocked." MAI-CR 3d 312.10, Notes on Use 2. In order to establish an abuse of discretion, a defendant must show that, based on the trial record, the jury's verdict was coerced. Anderson, 698 S.W.2d at 853; Hoopingarner, 845 S.W.2d at 95.

In determining whether the jury's verdict was coerced by the instruction, appellate courts consider the following factors: the amount of time that the jury deliberates before the hammer instruction is read, the amount of time that elapsed between the reading of the hammer instruction and the verdict, whether the trial judge knows numerically how the jury is split and the position of the majority, and whether the giving of the instruction conforms with the Notes on Use. State v. Johnson, 948 S.W.2d 161, 164 (Mo. App. 1997). In this case defendant claims coercion based on the amount of time between the reading of the hammer instruction and the verdict.

The fact that a jury returns a verdict shortly after the court gives the hammer instruction does not establish coercion. State v. Kinder, 858 S.W.2d 838, 840 (Mo. App. 1993); State v. Parson, 815 S.W.2d 106, 107 (Mo. App. 1991). The fact that the jury deliberated only sixteen minutes is no indication that their verdict was coerced. Kinder, 858 S.W.2d at 840. Point two is denied.

(Resp. Exh. 6, PP. 2-3, 4-5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -

  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

  (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Upon review, this Court finds the Missouri court's affirmance of Petitioner's convictions did not result in a decision contrary to federal law, nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. See Stallings v. Delo, 117 F.3d 378 (8th Cir.), cert. denied, 522 U.S. 961 (1997). The determination thus is entitled to deference pursuant to 28 U.S.C. § 2254(d), and Ground 2 of Petitioner's petition must be denied.

### 3. Ground 3

In Ground 3 of his petition, Petitioner claims he received ineffective assistance of counsel, in that trial counsel failed to call Petitioner's aunt, Willie Ann Randolph, as an alibi witness. (§ 2254 Petition, PP. 8-9). Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court denied the claim as follows:

> [Petitioner] complains about counsel's not calling certain witnesses. A decision to not call a witness is presumed trial strategy unless clearly shown to be otherwise. Winfield v. State, 93 S.W.3d Mo. 2002). In this case, [Petitioner] called witnesses at the hearing and the Court having viewed and heard the witnesses finds that each of the witnesses would not have helped [Petitioner]; [Petitioner] has not, and cannot through these witnesses, show that the result of his trial would have been different, had those witnesses been called.

(Resp. Exh. 8, P. 62). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his first point on appeal, [Petitioner] claims the motion court erred in denying his Rule 29.15 motion, because he was denied effective assistance of counsel as a result of his trial counsel's failure to call his aunt, Willie Ann Randolph ("Randolph"), as a witness. [Petitioner] argues that Randolph would have provided him with an alibi.
>
> A claim of ineffective assistance of counsel must satisfy a two-pronged standard. Williams v. State, 8 S.W.3d 217, 219 (Mo. App. E.D. 1999). First, the [petitioner] must demonstrate that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would exercise under the same or similar circumstances. Id. Secondly, the [petitioner] must prove that this deficiency prejudiced his defense. Id.

> Decisions by counsel which constitute sound trial strategy are not a basis for ineffective assistance of counsel claims. Cotton v. State, 25 S.W.3d 507, 509 (Mo.App.E.D. 2000). Generally, a counsel's decision not to call a witness to testify is presumptively a matter of trial strategy and is not a basis for an ineffective assistance of counsel claim unless the [petitioner] clearly establishes otherwise. Matt v. State, 992 S.W.2d 269, 274 (Mo.App.E.D. 1999). Furthermore, counsel's selection of witnesses and evidence are matters of trial strategy, which are virtually unchallengeable in an ineffective assistance of counsel claim. Clayton v. State, 63 S.W.3d 201, 208 (Mo. banc 2001).
>
> The victim was shot in Hannibal, Missouri on September 17, 2001. [Petitioner] advised his trial counsel that Randolph could testify that [Petitioner] was at her home in Sikeston, Missouri on September 17, 2001 at the approximate time of the shooting. Trial counsel testified at the evidentiary hearing that he talked to Randolph at least twice on the telephone, and Randolph told him [Petitioner] was at her house in Sikeston at the time of the shooting. However, Randolph could not provide the name of any other person who had seen [Petitioner] in Sikeston on the day of the shooting. Trial counsel went on to testify that he did not call Randolph as a witness because he did not believe her to be credible and there were no other witnesses to corroborate her testimony. Additionally, counsel learned through discovery that there were "quite a few" witnesses who said they saw [Petitioner] in Hannibal and that there was physical evidence that showed [Petitioner] was in Hannibal at the time of the shooting.
>
> Trial counsel believed that presenting the alibi defense was "rather weak" and would detract from what he believed to be a stronger defense centered around an eyewitness testifying that [Petitioner] was not the shooter. Based on all the information available to trial counsel, it was sound trial strategy for him to believe that Randolph would not be a credible witness if she had testified on behalf of [Petitioner] at the trial. Therefore, we find the motion court did not err in denying [Petitioner's] ineffective assistance of counsel claim. Point denied.

(Resp. Exh. 11, PP. 2-4).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner fails to satisfy the first prong of the Strickland test, i.e., that his trial counsel's performance was deficient. Specifically, the Court notes Petitioner's attorney testified during the evidentiary hearing that while he considered presenting Ms. Randolph as an alibi witness at Petitioner's trial, he ultimately decided not to, for the following reasons: (1) he did not believe she would be an effective witness; (2) she could identify no one else in the Sikeston area who would vouch for Petitioner's whereabouts on the date in question; and (3) a number of people in Hannibal, the scene of the incident, were prepared to testify they saw Petitioner in that city on the date in question. (Resp. Exh. 7, PP. 34-36). Petitioner's attorney further testified he decided

- 10 -

to pursue what he considered to be a stronger defense, i.e., that the only eyewitness to the crime said Petitioner was not the perpetrator. (Id., P. 34).

Upon consideration, the Court finds counsel's decision not to call the witness to testify constituted a matter of trial strategy. Thus, the Court holds trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Petitioner's request for habeas relief on this ground must therefore be denied.[3]

### 4. **Ground 4**

In Ground 4 of his petition, Petitioner claims he received ineffective assistance of counsel, in that trial counsel failed to offer into evidence Petitioner's entire pre-trial written statement to the police. (§ 2254 Petition, PP. 10-11). Petitioner raised this claim in his Rule 29.15 motion for post-conviction relief, and the motion court denied the claim as follows:

> [Petitioner] not only complains that trial counsel did not call certain witnesses, but also that his statement to police was not entirely admitted. The Court has reviewed [Petitioner's] statement; the Court does not believe its admission would have aided [Petitioner] or changed the result of the trial.

(Resp. Exh. 8, P. 63). Petitioner advanced the claim on appeal of the denial of his 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his second point on appeal, [Petitioner] asserts the motion court erred in denying his Rule 29.15 motion, because he was denied effective assistance of counsel as a result of his trial counsel's failure to offer into evidence [Petitioner's] entire written statement to the police.
>
> The case law cited during analysis of the first point on appeal is also applicable to this point on appeal.

---

[3] In light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

> [Petitioner] argues that if his entire written statement to the police was introduced into evidence it would have established a motive for the victim to falsely accuse [Petitioner] of shooting him. [Petitioner's] statement to the police indicated that he had been shooting dice with the victim about three days before the incident, and the victim had become angered when [Petitioner] won $500.
>
> Trial counsel testified at the evidentiary hearing that he did not believe the statement to the police was helpful because it corroborated the victim's testimony that [Petitioner] and victim had participated in dice gambling together. [Petitioner's] statement to the police just gave a different date of the dice gambling and included a claim that [Petitioner] won the game whereas the victim had claimed he had won. After reviewing the record, we affirm the motion court's finding that trial counsel's decision not to offer the entire statement into evidence did not constitute ineffective assistance of counsel. Point denied.

(Resp. Exh. 11, PP. 4-5).

As stated above, with respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Upon consideration, this Court finds the decisions of the Missouri courts are entitled to deference. As stated above, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove

that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds Petitioner fails to satisfy the first prong of the Strickland test, i.e., that his trial counsel's performance was deficient. Specifically, the Court notes Petitioner's attorney testified during the evidentiary hearing that he did not find Petitioner's self-serving statement to be helpful to his defense. (Resp. Exh. 7, PP. 39-40). Petitioner's attorney further testified he was concerned about introducing the statement, because it effectively corroborated a good portion of the State's case. (Id., P. 44). Finally, Petitioner's attorney noted the statement contained the following problematic pronouncement from Petitioner: "If I was going to shoot someone I would kill them." (Id., PP. 44-45).

Upon consideration, the Court finds counsel's decision not to introduce Petitioner's statement to the police again constituted a matter of trial strategy. Thus, the Court holds trial counsel's actions were not objectively unreasonable, but rather fell within the wide range of professionally competent assistance sanctioned by Strickland, 466 U.S. at 690. Petitioner's request for habeas relief on this ground must therefore be denied.[4]

## CONCLUSION

---

[4] Again, in light of the Court's ruling that trial counsel's performance was not deficient, it need not consider whether Petitioner suffered prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 31st day of May, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE